LON REHEARING
PLOTKIN, Judge,
would grant rehearing for written reasons.
After reconsideration of plaintiffs argument that Louisiana has jurisdiction over defendant Nora Gibbens Redmann based on her ownership interest in a mortgage on real property, I would vote to grant rehearing and would reverse the trial court judgment dismissing Landry’s suit against Redmann.
Redmann, a resident of California, claims that Louisiana has no basis for asserting jurisdiction over her in the instant case. However, LSA-R.S. 13:3201(A)(5), which is part of Louisiana’s Long-Arm Statute, permits a Louisiana court to “exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from ... [hjaving an interest in, using or possessing a real right on immovable property in this state.”
A close review of the briefs of the parties, as well as the record, in the instant case reveals that the parties agree that Redmann does have an interest in or possess a right in a mortgage on real property in Louisiana. The real issue before this court was simply whether or not that mortgage constituted a “real right on immovable property in this state” as contemplated by the above-quoted provision. In our original opinion, we found, correctly, that a mortgage on real property is a “real right on immovable property in this state” as contemplated by the statute. However, we went beyond that ruling and decided the trial court could not exercise personal jurisdiction over Redmann, despite the fact Redmann unquestionably falls within the Long-Arm Statute, because her affidavit indicated that she was not personally involved in the perfection of the mortgage in question.
hOn reconsideration, I believe that holding was legally in error. The Long-Arm Statute governs personal jurisdiction over non-residents; any person who falls within one of the provisions of the statute is subject to the personal jurisdiction of a Louisiana court. Redmann falls within one of the provisions of the statute. Thus, I would find that the trial court could exercise jurisdiction over Red-mann and reverse the trial court judgment on that basis.